UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT SANGSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:17-cv-942-LJM-MJD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

The single basis for Brent Sangster's petition for writ of habeas corpus in challenging the disciplinary proceeding identified as No. 17-IYC-0004, in which he was charged with and found guilty of the use/possession of a cell phone, is that the decision was not supported by sufficient evidence.

The Hearing Officer conducted a disciplinary hearing on February 6, 2017. Sangster was present at that hearing and made a statement concerning the charge. The hearing officer considered Sangster's statement, together with the conduct report, the Report of Investigation and other evidence, and found Sangster guilty of the misconduct alleged. Sanctions were imposed and this action followed after Sangster's administrative appeal was concluded.

"To avoid arbitrary deprivation of prisoners' liberty interests, due process requires that 'some evidence' supports the conduct board's findings." *Smith v. Davis*, 48 F. App'x. 586, 587 (7th Cir. 2002) (citing *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985)). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

The conduct report recites that the reporting officer found sufficient reason to issue the charge. The accompanying *Report of Investigation of Incident* provides more information. Specifically, that on January 24, 2017, the reporting officer generated a report of cell phone data to analyze for activity with suspects listed in the Plainfield

Correctional Facility Investigations and Intelligence Office case number 17-IYC-0004. "During the analysis of the data, activity was discovered that connected Offender Brent Sangster 930407 directly to a cell phone recovered on November 9, 2017, from Housing Unit South Dorm F Unit." A complete report of the analysis, process and information used to connect Offender Sangster to this cell phone is included in confidential case packet 17-IYC-0004. The cell phone was recovered on November 9, 2016, from the housing unit to which Sangster was assigned. This information "point[s] to [Sangster's] guilt" and hence is constitutionally sufficient. *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989). The hearing officer was entitled to find this report credible, *Russell v. Sandahl,* 989 F.2d 502 (7th Cir. 1993), and "[i]n reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal quotation omitted).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sangster to the relief he seeks. His arguments that he was denied the protection afforded by *Hill* is refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __8/11/2017__

_Larry J. McKinney_
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENT SANGSTER
930407
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov